**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy O'Connell, </br></br>   Plaintiff, </br></br> vs. </br></br> David R. Smith, et al., </br></br>   Defendants. | No. CV 07-0198-PHX-SMM </br></br> **MEMORANDUM OF DECISION AND ORDER** |

Pending before the Court is Plaintiff Dorothy O'Connell's Motion for Partial Summary Judgment on her declaratory judgment claim (the "Motion"). (Dkt. 6.) Defendant Maricopa County requests an extension of the time to respond to Plaintiff's Motion on the grounds that "[t]his case is in its relative infancy, the pleadings have not closed, and discovery has yet to commence." (Dkt. 1-10 at 2.) For the reasons set forth below, the Court will deny Plaintiff's Motion without prejudice to re-filing at a later time.

## I. Procedural Background

On September 29, 2006, Plaintiff filed a Verified Complaint for Declaratory Relief against County Manager David Smith, Maricopa County, the Board of Supervisors, and all five members of the Board of Supervisors. (Dkt. 1, Ex. 4.) On January 12, 2007, Plaintiff filed a First Amended Complaint alleging eight additional claims, termination/no legal authority; wrongful termination/whistleblower; civil rights violation (§1983); tortious interference with contract; false light invasion of privacy; intentional infliction of emotional

distress; civil conspiracy; and punitive damages. (Dkt. 1, Ex. 9.) In addition, Plaintiff added the following defendants, Deputy County Manager Sandi Wilson, Deputy Budget Director of the County's Office of Management and Budget Christopher Bradley, and six County employees (collectively, "Defendants").

After Defendants removed the case to this Court, on January 26, 2007, Plaintiff filed a Motion for Partial Summary Judgment on her declaratory judgment claim, to which Defendant Maricopa County responded by requesting an extension of the time pursuant to Rule 56(f).[1] (Dkts. 1, Ex. 10; 6.) Plaintiff asks this Court to declare, as a matter of law, that "[D]efendant Smith, with or without the approval of the [D]efendant Maricopa County Board of Supervisors, was not legally authorized to terminate [her] employment" as Deputy Director of the Office of Medical Examiner of Maricopa County. (Id. at 5.)

## II. **Background Facts**

On February 3, 1997, Dorothy O'Connell ("Plaintiff") was hired by Dr. Phillip Keen, the duly authorized Maricopa County Medical Examiner, as the Deputy Director of the Office of Medical Examiner of Maricopa County. (Dkt. 7, ¶1.) On February 12, 1997, Plaintiff's appointment by Dr. Keen as Deputy Director of the Office of Medical Examiner was approved by the Maricopa County Board of Supervisors. (Id., ¶2.) On October 27,

---

[1] Defendant's response relies on Ariz.R.Civ.P. 56(f) because it was filed in state court in response to a substantively identical request for Partial Summary Judgment filed by Plaintiff on December 20, 2006. See Dkt. 1, Exs. 7-8, 10. Apparently there is some confusion as to whether Plaintiff and Defendants are required to re-file Motions and Responses filed in state court with this Court. See dkt. 14. Section 1446(a) of Title 28, United States Code, requires the removing defendant to file "a copy of all process, pleadings, and orders served upon such defendant" the action, which Defendants have done in the instant case. See Dkt. 1. Although all existing orders and other proceedings had in state court "shall remain in full force and effect until dissolved or modified by the district court" (28 U.S.C. §1450), it is not clear whether motions and responses pending at the time of removal must be re-filed in this Court. This issue is not important here because Ariz.R.Civ.P. 56(f), cited in Defendant's response, is identical to Fed.R.Civ.P. 56(f). See Fed.R.Civ.P. 56(f); 16 A.R.S. Rules of Civil Procedure, Rule 56(f).

1  2005, Plaintiff was placed on administrative leave by Defendant Smith, County Manager, and
2  terminated effective June 30, 2006, as part of the reorganization of the Office of Medical
3  Examiner. (Id., ¶3.) Plaintiff's termination as Deputy Director of the Office of Medical
4  Examiner was "against [the] wishes" of Dr. Keen. (Id., ¶4 and Ex. 2, ¶6.)

5  **III.   Legal Analysis**

6  Relying on A.R.S. § 11-594(B)(1), Plaintiff argues that only one County officer – the
7  duly authorized Medical Examiner (Dr. Keen) – was legally authorized to terminate her
8  employment. (Dkt. 6 at 5.) Section 11-594 provides only that "[t]he county medical
9  examiner may: . . . *[a]ppoint* qualified professional, technical and clerical personnel as
10 necessary for the administration of the office, subject to approval of the board of
11 supervisors." A.R.S. § 11-594(B)(1), emphasis added. Plaintiff further argues that, since
12 1975, "it has uniformly been the practice of the medical examiners and the boards of
13 supervisors advised by successive county attorneys that the medical examiner had control of
14 the hiring and firing of the staff of the office of the medical examiner, subject to the
15 'approval of the board of supervisors.'" (Dkt. 6 at 7.) Relying on Powers v. Isley, 66 Ariz.
16 94, 183 P.2d 880 (1947), Plaintiff contends the phrase "subject to the approval of the board
17 of supervisors," "was uniformly interpreted to mean the [M]edical [E]xaminer hired and fired
18 and the [B]oard of [S]upervisors approved or disapproved" the hiring and firing decisions of
19 the Medical Examiner. (Dkt. 6 at 7.) Thus, Plaintiff posits, the Board of Supervisors may
20 not make the hiring and firing decisions in the first instance.

21 The problem with Plaintiff's argument is that there is no legal or factual support for
22 her assertion that, since 1975, when A.R.S. §11-594 was enacted, "it has uniformly been the
23 practice of the medical examiners and the boards of supervisors advised by successive county
24 attorneys that *the medical examiner had control of the . . . firing of the staff* of the office of
25 the medical examiner, subject to the 'approval of the board of supervisors.'" (Dkt. 6 at 7,
26 emphasis added.) Plaintiff's Motion fails to cite to any legal authority in support of this
27 assertion, and § 11-594 refers only to the County Medical Examiner's ability to *appoint* – not

28

- 3 -

1 terminate, dismiss or "fire" – certain personnel. See A.R.S. §11-594(B)(1). Moreover,
2 Plaintiff's Separate Statement of Facts lists this assertion as a material, undisputed fact, based
3 solely on the affidavit of Dr. Keen. See Dkt. 7, ¶5. Dr. Keen's affidavit, however, neither
4 states nor implies that, since 1975, the County Medical Examiner "had control of the . . .
5 *firing* of the staff of the office of the medical examiner, subject to the 'approval of the board
6 of supervisors." See Dkt. 6, Ex. 2, emphasis added. Because Plaintiff has failed to submit
7 any legal or factual authority for her assertion that the uniform practice of the County was
8 to allow the Medical Examiner to control the "firing of the staff of the office," an essential
9 component of her argument in support of partial summary judgment is lacking. Accordingly,
10 the Court will deny Plaintiff's Motion without prejudice.

11 At a status conference in this case held on March 14, 2007, counsel for all parties and
12 the Court discussed the possibility of certifying to the Arizona Supreme Court the issue on
13 which Plaintiff seeks a declaratory judgment. Upon closer examination, however, the Court
14 has determined that this issue is not ripe for certification. Rather, because Plaintiff's
15 argument lacks both legal and factual support, the issue is not clearly framed, and
16 Defendant's request that certain discovery be completed before it is required to substantively
17 respond to Plaintiff's Motion is well-taken. See Dkt. 1, Ex. 10. Accordingly, the Court will
18 order the parties to attend a Rule 16 Preliminary Pretrial Conference to discuss, *inter alia*,
19 whether bifurcated discovery and briefing should take place to determine who had the legal
20 authority to terminate the employment of Plaintiff.

21 **IT IS HEREBY ORDERED DENYING** the Motions for Partial Summary Judgment
22 filed by Plaintiff Dorothy O'Connell. (Dkt. 1, Ex. 7; Dkt. 6.)

23 **IT IS FURTHER ORDERED DENYING AS MOOT** Defendants' Motion to Strike
24 Plaintiff's Motion for Partial Summary Judgment Filed for the Second Time on February 8,
25 2007. (Dkt. 14.)

26 / / /
27 / / /
28

- 4 -

1    **IT IS FURTHER ORDERED** that the Court Deputy shall schedule a Rule 16
2  Preliminary Pretrial Conference in this case and send out an appropriate Rule 16 Order.
3    DATED this 16th day of March, 2007.

Stephen M. McNamee
United States District Judge