**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Dorothy O'Connell,

Plaintiff,

v.

David R. Smith, et al.,

Defendants.

No. CV-07-0198-PHX-SMM

**ORDER SETTING RULE 16 PRELIMINARY PRETRIAL CONFERENCE**

This matter now being ready for a Rule 16 scheduling conference,

**IT IS HEREBY ORDERED** that pursuant to Rule 16 of the Federal Rules of Civil Procedure a Preliminary Pretrial Conference is set for **April 24, 2007**, **at 4:00 p.m.** before the Honorable Stephen M. McNamee, in Courtroom #605, sixth floor, Sandra Day O'Connor U.S. Courthouse, 401 W. Washington Street, Phoenix, Arizona.

*** * * N O T I C E * * ***

**IT IS FURTHER ORDERED:**

**1.** **COUNSEL WHO WILL BE RESPONSIBLE FOR TRIAL OF THE LAWSUIT FOR EACH PARTY SHALL PERSONALLY APPEAR AND PARTICIPATE IN THE PRELIMINARY PRETRIAL CONFERENCE.** Counsel for all parties are directed to Rule 16 of the Federal Rules of Civil Procedure for the objectives of the conference. At least one of the attorneys for each party attending the conference shall have authority to enter into

stipulations and make admissions regarding all matters which may be discussed.

2. **IN ADDITION TO COUNSEL OF RECORD, EACH PARTY, OR A REPRESENTATIVE OF EACH PARTY (WHO IS NOT COUNSEL OF RECORD) WITH BINDING SETTLEMENT AUTHORITY IF THE PARTY IS AN ENTITY, SHALL BE PRESENT AT THE PRELIMINARY PRETRIAL CONFERENCE. NO PARTY OR COUNSEL SHALL BE EXCUSED FROM PERSONALLY APPEARING AT THE CONFERENCE WITHOUT PRIOR PERMISSION OF THE COURT. See Fed. R. Civ. P. 16(f).**

3. Counsel must be prepared to discuss what the parties must prove in order to prevail on their respective claims or defenses at the time of the Preliminary Pretrial Conference.

4. Counsel should be prepared to discuss logistical matters.

**IT IS FURTHER ORDERED** that all parties are directed to meet at least fourteen (14) days before the Preliminary Pretrial Conference, in accordance with Rule 26(f) of the Federal Rules of Civil Procedure, to discuss the following matters:

1. The possibility of consent to trial before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), the suitability for referral of this matter to this District's court-annexed voluntary arbitration program or any other alternative dispute resolution mechanism, or the reference of this matter to a special master;

2. Any matters relating to jurisdiction or venue or the joinder of additional parties;

3. The nature and bases of their claims and defenses and the possibilities for a prompt settlement or resolution of the case;

4. A schedule of all pre-trial proceedings including, in particular, bifurcation of discovery and/or briefing with respect to certain issues;

5. Modification of pre-trial procedures due to the simplicity or complexity of the case;

6. Arrangements for Initial Disclosures in compliance with Rule 26(a)(1) of the Federal Rules of Civil Procedure. Unless otherwise stipulated in writing by the parties or otherwise directed by a written Order of this Court, Initial Disclosures shall be made at the initial Rule 26(f) case management meeting or within ten (10) days after the meeting; and

7. Any other matters which counsel may feel will help dispose of the matter in an efficient manner.

**IT IS FURTHER ORDERED** that to satisfy the requirements of Federal Rule of Civil Procedure 26(a) the parties shall file with the Clerk of the Court a Notice of Initial Disclosure; copies of the actual disclosures shall therefore not be filed.

**IT IS FURTHER ORDERED** that at the Rule 26(f) case management meeting, the parties shall develop a **Proposed Case Management Plan** which shall include brief statements or proposals concerning:

1. The nature of the case, setting forth in brief statements the factual and legal basis of plaintiff's claims and defendant's defenses;

2. A list of the elements of proof necessary for each count of the complaint and each affirmative defense. Where the burden of proof shifts, each party shall list the elements of the claim or defense that the party must prove in order to prevail. The list of the elements of proof must contain citations to relevant legal authority (i.e., United States statutory and/or administrative law, U.S. Supreme Court case law, Ninth Circuit Court of Appeals case law, Arizona state case and statutory law, or other authority as dictated by conflicts of law rules);

3. The factual and legal issues genuinely in dispute, and whether they can be narrowed by stipulation or motion;

4. The jurisdictional basis of the case, citing specific statutes;

5. Parties, if any, which have not been served, as well as parties which have not filed an answer or other appearance. Unless counsel can otherwise show cause, a proposed form of order shall accompany the joint Case Management Plan which dismisses any party which has not been served, or seeks default judgment on any non-appearing party;

6. The names of parties not subject to the Court's jurisdiction;

7. Whether there are further dispositive or partially dispositive issues to be decided by pretrial motions, and the legal issues about which any pretrial motions are contemplated;

8. Whether the case is suitable for reference to arbitration, to a special master, or to a United States Magistrate Judge for trial;

9. The status of related cases pending before other judges of this Court or before other courts;

10. Suggested changes, if necessary, in the timing, form, or requirement for disclosures under Rule 26(a), Federal Rules of Civil Procedure, including a statement of when Initial Disclosures were made or will be made;

11. Proposed deadlines for:

(a) discovery;

(b) filing dispositive motions; and

(c) disclosure of expert testimony under Rule 26(a)(2)(C) of the Federal Rules of Civil Procedure;

12. The scope of discovery and whether discovery should be conducted in phases or should be limited to or focused upon particular issues. For example, where dispositive motions will be filed (*e.g.*, motions for summary judgment or a defense relying on the statute of limitations) counsel should consider limiting discovery to the issue at hand until the court has ruled on the motion;

13. Suggested changes, if any, in the limitations on discovery imposed by the Federal Rules of Civil Procedure;

14. Estimated date that the case will be ready for trial, the estimated length of trial, and any suggestions for shortening the trial;

15. Whether a jury trial has been requested and whether the request for a jury trial is contested. If the request for a jury trial is contested, the Proposed Case Management Plan shall set forth the reasons that a trial by jury is in dispute;

16. The prospects for settlement, including any request to have a settlement conference before another United States District Court Judge or Magistrate Judge, or other request of the court for assistance in settlement efforts; and

17. Any other matters which counsel feel will aid the Court in resolving this dispute in a just, speedy, and inexpensive manner.

**IT IS FURTHER ORDERED** that all deadlines to which the parties stipulate in the Proposed Case Management Plan shall fall on a Friday barring extenuating circumstances which make doing so impracticable.

**IT IS FURTHER ORDERED** that counsel shall jointly file their Proposed Case Management Plan with the Clerk of the Court **not less than five (5) business days** before the Preliminary Pretrial Conference. Absent extraordinary circumstances, no extensions of time will be granted.

**IT IS FURTHER ORDERED** that it is the responsibility of counsel for the Plaintiff(s) to initiate the communications necessary to prepare the joint Proposed Case Management Plan. Once contacted by counsel for Plaintiff(s), counsel for Defendant(s) shall act in an expeditious manner to effectuate the preparation of the Case Management Plan.

**IT IS FURTHER ORDERED** that counsel for all parties are expected to comply with Rule 26 of the Federal Rules of Civil Procedure, and to minimize the expense of discovery.

**IT IS FURTHER ORDERED** that the Court, after consultation with counsel and the parties, will enter a Rule 16(b) Scheduling Order concerning, inter alia, discovery and dispositive motions. To the extent that the Court's Rule 16 Scheduling Order differs from the parties' Proposed Case Management Plan, the provisions of the Court's Order shall

supersede the parties' Proposed Case Management Plan and shall control the course of this action unless modified by subsequent Order of this Court. The parties and their counsel are all cautioned that the deadlines set in the Rule 16 Scheduling Order shall be strictly enforced.

**IT IS FURTHER ORDERED** that counsel review the requirements of LRCiv 7.1 and LRCiv 7.2, Rules of Practice of the United States District Court for the District of Arizona ("Local Rules"), with their administrative/support personnel to ensure that all pleadings are in compliance with the rules.

**IT IS FURTHER ORDERED** that this Court views the Preliminary Pretrial Conference as critical to its case management responsibilities and the responsibilities of the parties under Rule 16 of the Federal Rules of Civil Procedure. **FAILURE TO COMPLY WITH EVERY PROVISION OF THIS ORDER MAY LEAD TO SANCTIONS PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 16(f).**

**IT IS FURTHER ORDERED** that the Clerk of the Court send copies of this Order to all counsel of record and to all parties, if any, appearing in propria persona.

DATED this 19th day of March, 2007.

Stephen M. McNamee
United States District Judge