**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dorothy O'Connell, | ) | No. CV 07-0198-PHX-SMM |
| Plaintiff, | ) | |
| vs. | ) | **ORDER** |
| David R. Smith, et al., | ) | |
| Defendants. | ) | |

Pending before the Court is Plaintiff Dorothy O'Connell's Motion to Clarify Status of Pleadings Filed in Superior Court (Dkt. 20). According to the motion, Plaintiff's counsel seeks the Court's guidance on the status of pleadings "filed in the Superior Court of Arizona in Maricopa County before this case was removed to this Court by defendants." (Dkt. 20). Plaintiff's counsel avers that the parties do not share the same understanding of the meaning of Document 5 in the docket dated January 31, 2007. Specifically, Plaintiff's counsel suggests that the parties do not share the same meaning of the following language: "Any pending matters from the Superior Court are to be refiled in accordance with the rules of this court." (Dkt. 5). Plaintiff's counsel then reiterates that he seeks "guidance as to whether any remaining pleadings must be refiled in this Court in accordance with the rules of this court or whether any pleadings filed in the Superior Court that the parties contend are still not ruled upon are viable pleadings in this Court." Finally, Plaintiff states that she does *not* contend

1 that any pleadings filed in Superior Court remain unruled upon however, counsel is "not sure
2 whether defendants agree."

3     As to the interpretation of the language found in Document 5, the Court does not find
4 this document to be lacking in clarity. The Clerk of the Court was merely directing counsel
5 to file all matters relevant to this case in accordance with the Rules of *this particular Court*,
6 i.e. in accordance with the Local Rules and the Federal Rules of Civil Procedure, as opposed
7 to the rules of the court from which the case was removed.

8     With regard to Plaintiff's counsel's request that the Court provide guidance as whether
9 any remaining pleadings must be refiled in this Court or whether any motions that may be
10 pending in Superior Court are viable pleadings in this Court, the Court is not familiar with
11 any procedure by which it would provide the parties with information regarding the status
12 of pleadings that the parties themselves have filed in the Superior Court. Moreover, it is
13 essential that the Court refrain from providing parties with anything that resembles an
14 advisory opinion. If the Court were to indicate the measure of viability of particular motions,
15 it may be interpreted as an advisory opinion. The Court concludes that it is for individual
16 counsel to determine whether or not the removed pleadings comport with the Federal Rules
17 of Civil Procedure, as well as the Local Rules of this Court, and, if not, whether an
18 amendment or supplement is required to bring them into conformity.

19     **IT IS HEREBY ORDERED DENYING** Plaintiff's Motion to Clarify Status of
20 Pleadings Filed in Superior Court.

21     DATED this 4th day of April, 2007.

_____
Stephen M. McNamee
United States District Judge

- 2 -