**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy O'Connell,<br><br>        Plaintiff,<br><br>vs.<br><br>David R. Smith, et al.,<br><br>        Defendants. | No. CV 07-0198-PHX-SMM<br><br>**ORDER** |

Pending before the Court is the Motion to Dismiss (Doc. 3) filed by Defendants David Smith, Don Stapley, Fulton Brock, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox. Defendants request that the Court dismiss them as individually named Defendants from Counts One, Two, and Three of Plaintiff Dorothy O'Connell's First Amended Verified Complaint. After careful consideration, the Court finds the following.

**I.     Procedural Background**

On September 29, 2006, Plaintiff filed a Verified Complaint for Declaratory Relief against County Manager David Smith, Maricopa County, the Board of Supervisors, and all five members of the Board of Supervisors. (Dkt. 1, Ex. 4.) On January 12, 2007, Plaintiff filed a First Amended Complaint alleging eight additional claims, termination/no legal authority; wrongful termination/whistleblower; civil rights violation (§1983); tortious interference with contract; false light invasion of privacy; intentional infliction of emotional distress; civil conspiracy; and punitive damages. (Dkt. 1, Ex. 9.) In addition, Plaintiff added

the following defendants, Deputy County Manager Sandi Wilson, Deputy Budget Director of the County's Office of Management and Budget Christopher Bradley, and six County employees (collectively, "Defendants").

Plaintiff has alleged wrongful termination claims against Maricopa County's Manager and all five members of Maricopa County's Board of Supervisors, and each is an individually named Defendant.

On January 26, 2007, Defendants David Smith, Don Stapley, Fulton Brock, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox filed a Motion to Dismiss seeking to be dismissed as individually named defendants from Counts One, Two, and Three. The motion is now fully briefed and ripe for disposition.

## II. Background Facts

On February 3, 1997, Dorothy O'Connell ("Plaintiff") was hired by Dr. Phillip Keen, the duly authorized Maricopa County Medical Examiner, as the Deputy Director of the Office of Medical Examiner of Maricopa County. (Dkt. 7, ¶1.) On February 12, 1997, Plaintiff's appointment by Dr. Keen as Deputy Director of the Office of Medical Examiner was approved by the Maricopa County Board of Supervisors. (Id., ¶2.) On October 27, 2005, Plaintiff was placed on administrative leave by Defendant Smith, County Manager, and terminated effective June 30, 2006, as part of the reorganization of the Office of Medical Examiner. (Id., ¶3.) Plaintiff's termination as Deputy Director of the Office of Medical Examiner was "against [the] wishes" of Dr. Keen. (Id., ¶4 and Ex. 2, ¶6.)

## III. Discussion

Relying on the Plaintiff's counsel's response to Defendant's motion, the Court concludes that Plaintiff has no objection to the dismissal of Defendants David Smith, Don Stapley, Fulton Brock, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox as individually named defendants. Significantly, Plaintiff's counsel stated in the brief, "[u]ndersigned counsel is puzzled by the fact that Counts One, Two, and Three do not mention Defendants Don Stapley, Fulton Brock, Andrew Kunasek, Max W. Wilson, and

- 2 -

Mary Rose Wilcox in any capacity...How can this Court Dismiss them as individually-named defendants when they were not named in those counts at all?" (Doc. 9). Plaintiff's Counsel continues by explaining that Count One is a declaratory Judgment Action requesting this Court to construe specific Arizona law, namely, who has the legal authority to terminate the contract employment of an employee of a county medical examiner. (Doc. 9). Plaintiff's Counsel's brief provides in pertinent part:

> Count Two is an action alleging breach of an employment contract between the plaintiff Dorothy O'Connell and Maricopa county. Count Three is a tort action for wrongful termination of the plaintiff Dorothy O'Connell's contract of employment by Maricopa County. Defendant Smith is mentioned in Count Three as the person who actually terminated the employment contract of Dorothy. (Doc. 9)

Thus, from the language set forth by Plaintiff's counsel, it is evident that Plaintiff did not intend to include Defendants David Smith, Don Stapley, Fulton Brock, Andrew Kunasek, Max W. Wilson, and Mary Rose Wilcox as individually named defendants in Counts One, Two, and Three. Notwithstanding Plaintiff's counsel's express assertion, he nevertheless opposed the Motion to Dismiss, contending that it should be denied. Notably, he concluded with, "[s]o the Court is left to speculate with undersigned counsel why the County is asking for relief from something which does not exist..."

In reviewing the record, the Court found that Counts One, Two, and Three do in fact name the individual Defendants. Further, Counts Two and Three allege that Smith and the Board of Directors have damaged Plaintiff "in an amount in excess of the jurisdictional amount." Count One is simply a declaratory judgment action and therefore need only bind the County. As to Counts two and three, the Court must reconcile Plaintiff's counsel's previous statements regarding Plaintiff's **intent not to include** the Defendants individually in the first three counts with his extensive objection to the Motion to Dismiss.[1]

---

[1] Contrary to his previous assertion, Plaintiff's counsel later contends that "[n]o legal basis exists to dismiss any of the individuals named in this motion or any of the other individuals that counsel represents from the allegations against them in the complaint." (Doc. 9, p. 4).

In lieu of providing the Court with a complete analysis of the relevant issues including proper case analysis, the parties ostensibly chose to rely on arguments which did not fully address the issues of personal liability.

Consequently, before the Court can rule on this motion, the parties must analyze specifically, with pinpoint citations to relevant authority, (1) whether a county manager and members of a board of supervisors are immune from suit for breach of an employment contract between a plaintiff and the county; and (2) whether a county manager and members of a board of supervisors are immune from suit for wrongful termination of plaintiff's contract of employment by the County.

Accordingly,

**IT IS HEREBY ORDERED** that parties shall file their supplemental briefs no later than **Friday, May 18, 2007.**

DATED this 23rd day of April, 2007.

Stephen M. McNamee
United States District Judge

- 4 -