**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy O'Connell,<br><br>                    Plaintiff,<br><br>v.<br><br>David R. Smith, et al.,<br><br>                    Defendants. | No. CV 07-0198-PHX-SMM<br><br>**ORDER** |

Pending before the Court is Defendants' Motion to Strike Plaintiff's Response to Defendants' Supplemental Statement of Facts in Support of Its Response (Doc. 57). In support of her "Response," Plaintiff attached her own "supplemental" affidavit as an exhibit, as well as additional affidavits and facts and has attempted to introduce additional evidence to support her Renewed Motion. Defendants contends that such a procedural practice is unfair and should not be permitted, as it leaves the nonmoving party without an opportunity to respond to new evidence and can promote and encourage moving parties to withhold all material facts when filing dispositive motions in order to submit such facts with their reply briefs, after the opposing party has no chance to rebut such facts.

The Court finds that at the time Plaintiff filed her Renewed Motion, she was fully cognizant of the matters of material dispute and had fair opportunity as the moving party to determine at that point what evidence to include in her motion for summary judgment. Moreover, to permit Plaintiff, as the movant, to introduce additional evidence subsequent to

the filing of the nonmoving party's response would be manifestly prejudicial to the nonmoving party, as well as contradictory to the underlying principles of the Federal and Local Rules of Civil Procedure.

Finally, the Court notes that Plaintiff's counsels' attenuated interpretation of LR 56.1 is a mischaracterization of the law. First, Plaintiff's counsel failed to distinguish which sections of the rule referred to which of the respective parties, i.e. a party filing the motion versus a party opposing the motion. In doing so, Plaintiff's counsel applied the portion of the rule relevant to the nonmoving party, or defendants in this case, to Plaintiff. Consequently, the analysis was misguided and the outcome inaccurate. Second, Plaintiff's counsel misinterpreted the Rule's requirement that the moving party provide citations to a specific admissible portion of the record where the fact finds support (for example, affidavit, deposition, discovery response, etc.). Indeed, the rule set forth this requirement for the moving papers, however, it does not permit the rule to be used to introduce additional evidence simply because it was left out in the original moving papers.

There exists neither legal justification nor a procedural mechanism for Plaintiff's filing of a "Response" to the statement of facts which Defendants submitted in support of their opposition to Plaintiff's Renewed Motion. Nor did Plaintiff request or receive leave of the Court before filing her "Response" to Defendants' statement of facts. Thus, to avoid significant prejudice to the Defendants, the Court finds it appropriate to strike the Response.

Accordingly,

**IT IS HEREBY ORDERED GRANTING** Defendants' Motion to Strike Plaintiff's Response to Defendants' Supplemental Statement of Facts in Support of Its Response (Doc. 57).

DATED this 21st day of November, 2007.

_____
Stephen M. McNamee
United States District Judge