**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Dorothy O'Connell, | ) | No. CV 07-0198-PHX-SMM |
| Plaintiff, | ) | |
| | ) | **ORDER** |
| v. | ) | |
| | ) | |
| David R. Smith, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Currently before this Court are the Motion to Certify Questions to the Arizona Supreme Court (Doc. 37) and the Response and Reply thereto (Doc. 39 and 45). Also being considered by this Court are the supplemental briefs addressing the effect that HB 2125 has had on the parties' respective positions in this lawsuit. After considering the motion and the corresponding responses, the supplemental briefs, as well as the pertinent law regarding the application of the recently amended statute on previously pending lawsuits, the Court issues the following Order.

**PROCEDURAL BACKGROUND**

On September 29, 2006, Plaintiff filed a Verified Complaint for Declaratory Relief against County Manager David Smith, Maricopa County, the Board of Supervisors, and all five members of the Board of Supervisors. (Dkt. 1, Ex. 4.) On January 12, 2007, Plaintiff filed a First Amended Complaint alleging eight additional claims, termination/no legal authority; wrongful termination/whistleblower; civil rights violation (§1983); tortious interference with contract; false light invasion of privacy; intentional infliction of emotional

distress; civil conspiracy; and punitive damages. (Dkt. 1, Ex. 9.) In addition, Plaintiff added the following defendants, Deputy County Manager Sandi Wilson, Deputy Budget Director of the County's Office of Management and Budget Christopher Bradley, and six County employees (collectively, "Defendants").

After Defendants removed the case to this Court, on January 26, 2007, Plaintiff filed a Motion for Partial Summary Judgment on her declaratory judgment claim, to which Defendant Maricopa County responded by requesting an extension of the time pursuant to Rule 56(f). (Dkts. 1, Ex. 10; 6.) Plaintiff asked this Court to declare, as a matter of law, that "[D]efendant Smith, with or without the approval of the [D]efendant Maricopa County Board of Supervisors, was not legally authorized to terminate [her] employment" as Deputy Director of the Office of Medical Examiner of Maricopa County. (Id. at 5.) The Court denied the motion.

On April 24, 2007, this Court held a status conference wherein the Court determined that it would be appropriate to certify a limited number of questions to the Arizona Supreme Court. The Court ordered that the parties were to re-brief the Court on specific issues, after which time the Court would formulate proposed questions to certify to the Arizona Supreme Court and send them to counsel to review and offer suggestions of revision to the Court. Thereafter, the Court became aware that the statute at issue [HB 2125] had been amended and ordered the parties to provide the Court with supplemental briefing addressing the effect of said amendment on their respective positions. The Court has now received the briefs and has duly considered each parties' position.

## **FACTUAL BACKGROUND**

On February 3, 1997, Dorothy O'Connell ("Plaintiff") was hired by Dr. Phillip Keen, the duly authorized Maricopa County Medical Examiner, as the Deputy Director of the Office of Medical Examiner of Maricopa County. (Dkt. 7, ¶1.) On February 12, 1997, Plaintiff's appointment by Dr. Keen as Deputy Director of the Office of Medical Examiner

(OME) was approved by the Maricopa County Board of Supervisors. (Id., ¶2.) On October 27, 2005, Plaintiff was placed on administrative leave by Defendant Smith, County Manager, and terminated effective June 30, 2006, as part of the reorganization of the Office of Medical Examiner. (Id., ¶3.) Plaintiff's termination as Deputy Director of the Office of Medical Examiner was allegedly "against [the] wishes" of Dr. Keen. (Id., ¶4 and Ex. 2, ¶6.)

## DISCUSSION

### Supplemental Briefs

Plaintiff's support for Count I of her *First Amended Verified Complaint* comes from the former statutory language of Section 11- 594(B)(1), the statute which relates to the duties of medical examiners:

> B. The county medical examiner may:
> 1. Appoint qualified professional, technical and clerical personnel as necessary for the administration of the office, subject to approval of the board of supervisors.

A.R.S. § 11-594(B)(1) (2006).

However, earlier this year, during the First Regular Session of Arizona's 48th Legislature, the Legislature considered HB 2125, which proposed several amendments to Arizona's statutes related to medical examiners, including the elimination of the very language at issue in this matter. *See* Senate Engrossed House Bill 2125. Thereafter, on May 16, 2007, HB 2125 was passed by the Legislature and signed into law by Arizona's Governor. Consequently, Section 11- 594(B)(1) now reads as follows:

> B. The county medical examiner or alternate medical examiner may:
> 1. Assign to a medical death investigator or other qualified personnel all aspects of a death investigation except the performance of autopsies.

A.R.S. § 11-594(B)(1) (2007).

Plaintiff interpreted the language of former Section 11-594(B)(1) as bestowing upon Maricopa County's Chief Medical Examiner the exclusive authority to hire and fire the OME's administrative staff. However, with the amendment of 2007, such presumed

1 authority is no longer present in Section 11-594(B)(1), nor can it be found anywhere else in
2 Arizona's statutes or inferred from any other statutory language.

3    Despite this change in statutory language, the question remains as to the proper
4 meaning of the statute that existed at the time the lawsuit was filed. Furthermore, the effect
5 of the statutory amendment on the lawsuit remains unknown, *inter alia,* is it proper in the
6 present case to apply the amended statute retroactively? The general premise that "no statute
7 is retroactive unless expressly declared therein" A.R.S § 1-244,  presumes that when the
8 legislature enacts an amendment, it intends a change in the existing law. *Weekly v. City of*
9 *Mesa*, 888 P.2d 1346 (1994)(citing *Lake Havasu City v. Mohave County,* 675 P.2d
10 1371,1377 (App.1983)). However, in *Weekly*, the court explained that Arizona courts have
11 recognized that when an ambiguity arises in the construction of a statute, a legislative
12 amendment may constitute a clarification of the original intent of the statute rather than a
13 prospective amendment and thus be given retroactive effect. *Weekly,* 888 P.2d at 1350*,*
14 *(*citing *State v. Sweet,* 143 Ariz. 266, 269, 693 P.2d 921, 924 (1985); *City of Mesa v.*
15 *Killingsworth,* 96 Ariz. 290, 297, 394 P.2d 410, 414 (1964)). If such an ambiguity exists, it
16 is appropriate for the court to look to the development of the statute and its legislative history
17 in order to ascertain the purpose of the legislation. *Id., Sweet,* 143 Ariz. at 270, 693 P.2d at
18 925; *Smith v. Superior Court,* 17 Ariz.App. 79, 82, 495 P.2d 519, 522 (1972).

19    Thus the question remains whether the Arizona Legislature intended the amended
20 Section 11-594(B)(1) to be applied retroactively, or whether it intended the general premise
21 against retroactive application of statutes to apply to the amended version of Section 11-
22 594(B)(1). Either way, this Court is certain that it is not for the Federal District Court to
23 decide.

24 **Motion to Certify**

25    Both parties have set forth their respective grounds for either minimizing or
26 maximizing the number of questions to be certified to the Arizona Supreme Court.  It is this
27
28                                              - 4 -

Court's position that if there exist questions of state law, state courts shall be the first to make those decisions, as it is not the role of the federal court to interpret state law. Therefore, this Court, erring on the side of caution, has determined that it is in the best interest of all involved that the Court certify to the Arizona Supreme Court the following questions:

1. Under the former A.R.S. § 11-594(B)(1), who had the legal authority to terminate the employment of a deputy director of a county office of medical examiner?

2. In light of the fact that the prohibition against retroactive application of statutory amendments is not absolute, should the newly amended version of A.R.S. § 11-594(B)(1) be given retroactive effect?

3. May a public entity waive the issue of the insufficiency of a notice of claim because the basis for the alleged insufficiency is not specifically pleaded in its answer?

Despite the Court's previous indication that it may certify the question of whether *Deer Valley Unified School District No. 97 v. Houser,* 214 Ariz. 293 (Ariz. 2007) applies retroactively, upon further consideration and case analysis, it has determined that this issue need not be presented to the Arizona Supreme Court as it can be settled through the application of existing precedent.[1]

It has been well established by the Arizona Supreme Court that there exists a presumption of retroactive application of judicial opinions in Arizona. "In Arizona, a civil opinion is presumed to operate retroactively, as well as prospectively, **unless otherwise**

---

[1] Defendant has pointed out that at least one other Arizona District Court has relied, in part, on *Deer Valley* to find that a plaintiff failed to comply with the notice of claims statute and, therefore, "all of the state law claims are barred." *Florian v. Perkinson*, 2007 WL 1317263 *3, (D.Ariz. May 04, 2007). Despite the fact that the notice forwarded to the governmental entity in *Florian* was allegedly sent in August 2004, the Court apparently had no misgivings about applying the holding of *Deer Valley* retroactively.

- 5 -

1 **stated**." *Hawkins v. Allstate Ins. Co.*, 152 Ariz. 490, 504, 733 P.2d 1073, 1087 (1987) (emphasis added). "**Unless the court specifies otherwise**, Arizona appellate opinions in civil cases are given both prospective and retroactive effect." *Hartford Accident & Indemnity Co. v. Aetna Casualty & Surety Co.*, 164 Ariz. 286, 293, 792 P.2d 749, 756 (1990) (emphasis added). "The effect of the presumption is that it places the responsibility of deciding whether an opinion shall have retroactive application on the issuing court." *Davis v. Cessna Aircraft Corp.*, 182 Ariz. 26, 37, 893 P.2d 26, 37 (App. 1994). The presumptive rule of retroactivity "alerts the higher courts that their silence speaks for retroactive application and any contrary intention should be manifest." *Zavala v. Arizona State Pers. Bd.*, 159 Ariz. 256, 264, 766 P.2d 608, 616 (App. 1988).

With respect to *Deer Valley*, the Arizona Supreme Court did not specifically articulate that its decision was to have prospective effect only. In fact, to the contrary, the Arizona Supreme Court applied its decision to the parties in that very case. *Deer Valley*, 152 P.2d at 496. Pursuant to the presumptive rule regarding the retroactive application of judicial opinions, it follows that unless the presumption is overcome, the decision must be applied retroactively to cases such as the present one, which was "pending at the time of its issuance but arising from earlier operative facts." *Zavala*, 159 Ariz. at 265, 766 P.2d at 617. The Court finds that to date, Plaintiff has not overcome this presumption.

## CONCLUSION

At the April 24, 2007 hearing, this Court informed the parties that it would provide counsel with the proposed questions it intends to certify to the Arizona Supreme Court and would permit *appropriate suggestions* for revisions.

Accordingly,

**IT IS HEREBY ORDERED** that the parties have until **Friday, December 14, 2007**, to file any suggested revisions to the Court's proposed questions for certification to the Arizona Supreme Court.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Certify (Doc. 37) is **GRANTED** in part and **DENIED** in part. It is **GRANTED** insofar as the Court will certify specific questions to the Arizona Supreme Court. In all other respects the Motion is **DENIED**.

DATED this 26th day of November, 2007.

Stephen M. McNamee
United States District Judge