**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy O'Connell, | No. CV 07-0198-PHX-SMM |
| Plaintiff, | |
| v. | **ORDER** |
| David R. Smith, et al., | |
| Defendants. | |

Currently before this Court are Plaintiff's Motion for Reconsideration (Doc. 68) and Plaintiff's Motion for Leave to File Plaintiff's Memorandum in Support of Suggested Wording of Certified Questions Requested by the Court One Day Late (Doc. 70). After considering the motions the Court issues the following Order.

### **FACTUAL BACKGROUND**

On February 3, 1997, Dorothy O'Connell ("Plaintiff") was hired by Dr. Phillip Keen, the duly authorized Maricopa County Medical Examiner, as the Deputy Director of the Office of Medical Examiner of Maricopa County. (Doc. 7, ¶1.) On February 12, 1997, Plaintiff's appointment by Dr. Keen as Deputy Director of the Office of Medical Examiner (OME) was approved by the Maricopa County Board of Supervisors. (Id., ¶2.) On October 27, 2005, Plaintiff was placed on administrative leave by Defendant Smith, County Manager, and terminated effective June 30, 2006, as part of the reorganization of the Office

of Medical Examiner. (Id., ¶3.) Plaintiff's termination as Deputy Director of the Office of Medical Examiner was allegedly "against [the] wishes" of Dr. Keen. (Id., ¶4 and Ex. 2, ¶6.)

## DISCUSSION

### Questions to Certify

The Court has determined that the following questions will be certified to the Arizona Supreme Court:

1. Under the former A.R.S. § 11-594(B)(1), who had the legal authority to terminate the employment of a deputy director of a county office of medical examiner? (e.g. was it limited to the Maricopa County Medical Examiner, or did it permit the Maricopa County Manager or Board of Supervisors to terminate the employment of a deputy director of a county office of Medical Examiner regardless any objection by the Maricopa County Medical Examiner)

2. In light of the fact that the prohibition against retroactive application of statutory amendments is not absolute, should the newly amended version of A.R.S. § 11-594(B)(1) be given retroactive effect? (e.g. should it be applied retroactively to the termination of employment of [a deputy director of a county office of Medical Examiner] effective June 30, 2006?)

3. May a public entity waive the issue of the insufficiency of a notice of claim because the basis for the alleged insufficiency is not specifically pleaded in its answer?

### Motion for Reconsideration

With regard to Plaintiff's Motion for Reconsideration, minimal research has revealed that the Arizona District Courts have adequately set forth what the inclination of the Arizona Supreme Court is with regard to the retroactive application of *Deer Valley*. For example, in *Florian v. Perkinson* 2007 WL 1317263, *3 (D.Ariz.) (D.Ariz.,2007), the court cited to *Deer Valley* for the exact assertion set forth by Defendants. The court explained, "the Arizona Supreme Court recently held that the notice of claim statute clearly and unequivocally instructs claimants to not only 'include a particular and certain amount of money that, if

- 2 -

agreed to by the government entity, will settle the claim,' but also to 'present facts supporting that amount.'" *Florian v. Perkinson* 2007 WL 1317263, *3 (D.Ariz. 2007)*(citing Deer Valley Unified Sch. Dist. v. Houser*, 214 Ariz. 293, ----, 152 P.3d 490, 493 (2007)). In *Florian, Deer Valley* was retroactively applied to facts that undisputedly occurred in 2004. The fact that the issue of retroactive application of *Deer Valley* was not specifically discussed in the opinion is irrelevant in that the case was in fact *applied retroactively*.

Furthermore, as the Court stated in its previous Order, the Arizona Supreme Court did not specifically articulate that its decision was to have prospective effect only. In fact, to the contrary, the Arizona Supreme Court *applied its decision* to the parties in *Deer Valley*, 152 P.2d at 496. Pursuant to the presumptive rule regarding the retroactive application of judicial opinions explained in the Court's previous Order, it follows that unless the presumption is overcome, the decision <u>must be applied retroactively</u> to cases such as the present one, which was "pending at the time of its issuance but arising from earlier operative facts." *Zavala v. Arizona State Pers. Bd*., 159 Ariz. 256, 265, 766 P.2d 608, 616 (App. 1988). The Court finds that to date, Plaintiff has yet to overcome this presumption.

Accordingly,

**IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Reconsideration (Doc. 68).

**IT IS FURTHER ORDERED GRANTING in part and DENYING in part** Plaintiff's Motion for Leave to File Plaintiff's Memorandum in Support of Suggested Wording of Certified Questions Requested by the Court One Day Late (Doc. 70). It is **GRANTED** insofar as the Court considered the motion. It is **DENIED** insofar as the Court does not intend to certify Plaintiff's specific questions.

**IT IS FURTHER ORDERED DENYING** Defendants' Motion to Dismiss (Doc. 13) without prejudice, with leave to re-file if necessary subsequent to the certification of the questions to the Arizona Supreme Court.[1]

DATED this 2nd day of January, 2008.

_____
Stephen M. McNamee
United States District Judge

---

[1] The issues raised in the motion are directly related to the issues to be resolved by the Arizona Supreme Court, and therefore they are not yet ripe for determination by this Court.

- 4 -