**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Dorothy O'Connell,<br><br>            Plaintiff,<br>vs.<br><br>David R. Smith, et al.,<br><br>            Defendants. | No. CV 07-0198-PHX-SMM<br><br>**ORDER** |

Currently pending before the Court are the Motions for Sanctions filed by Plaintiff (Doc. 47) and Defendant (Doc. 33). The motions have been fully briefed and are now ripe for adjudication.

Arizona's Rules of Professional Conduct apply to attorneys admitted to practice before the United States District Court for the District of Arizona. A district court judge "may regulate practice in any manner consistent with federal law . . . and local rules of the district." L.R.Civ. 83.2(d); Fed.R.Civ.P. 83(b). The district court not only has inherent powers to regulate the conduct of the attorneys who appear before it, but the "primary responsibility for controlling the conduct of lawyers practicing before the district court rests with that court." *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980).

**FACTUAL BACKGROUND**

On February 3, 1997, Dorothy O'Connell ("Plaintiff") was hired by Dr. Phillip Keen, the duly authorized Maricopa County Medical Examiner, as the Deputy Director of the Office of Medical Examiner of Maricopa County. (Doc. 7, ¶1.) On February 12, 1997, Plaintiff's appointment by Dr. Keen as Deputy Director of the Office of Medical Examiner

(OME) was approved by the Maricopa County Board of Supervisors. (Id., ¶2.) On October 27, 2005, Plaintiff was placed on administrative leave by Defendant Smith, County Manager, and terminated effective June 30, 2006, as part of the reorganization of the Office of Medical Examiner. (Id., ¶3.) Plaintiff's termination as Deputy Director of the Office of Medical Examiner was allegedly "against [the] wishes" of Dr. Keen. (Id., ¶4 and Ex. 2, ¶6.)

In June of 2006, Dr. Keen filed suit against defendant Maricopa County and defendant Smith in Superior Court of Arizona in Maricopa County. In his complaint, Dr. Keen sought a Declaratory Judgment resembling Count I of the Complaint in this case. Plaintiff's tried to intervene in Dr. Keen's case on August 10, 2006. At the time, the attorneys for Maricopa County and defendant Smith opposed Plaintiff's Motion to Intervene.

### **Plaintiff's Motion for Sanctions Against Defendant (Doc. 47)**

Plaintiff filed her Motion for Sanctions on June 8, 2007, and served it on Defendants' counsel that same day. (Dkt. 47). Although Plaintiff *notified* Defendants of her *intention* to file a Rule 11 motion for sanctions, and forwarded to Defendants what Plaintiff described as a "draft" of that motion, Defendants contend that Plaintiff failed to comply with the requirements of the Federal Rules by not previously *serving* Defendants with the actual Motion for Sanctions that was filed with the Court on June 8, 2007. Instead, Plaintiff's Motion for Sanctions was served on Defendants on June 8, 2007, the same day she filed it.

Rule 11 explicitly requires that a party filing a Rule 11 motion *must serve the motion* on the opposing party 21 days before filing the motion with the Court. Fed.R.Civ.P. 11(c)(1)(A)) ("A motion for sanctions under this rule . . . *shall be served* as provided in Rule 5, but shall not be filed with or presented to the court unless, within 21 days after service of the motion . . . the challenged paper . . . is not withdrawn or appropriately corrected")(emphasis added). Failure to serve the motion 21 days before filing it violates the express "safe harbor" provision of Rule 11. *Retail Flooring Dealers of America, Inc. v. Beaulieu of America, LLC*, 339 F.3d 1146, 1150 (9th Cir. 2003).

1    Defendants contend that the Motion for Sanctions Plaintiff filed on June 8th is not the
2 same document as the "draft" previously provided to Defendants and, instead, differs from
3 it in numerous instances, many of which are substantive. Plaintiff however asserts that every
4 issue raised in the June 8, 2007 motion was raised in the draft sent to Defendants on May 11,
5 2007. After combing the record, the Court was unable to determine whether the two
6 documents were in fact identical because the "draft" was not filed with the Court. Despite
7 the fact that the letter dated May 11, 2007, addressed to Defendants' counsel (Doc. 47, Ex.
8 7) and containing a notice of Plaintiff's intent to file a motion for sanctions was filed as an
9 attachment to the motion for sanctions by Plaintiff, Plaintiff neglected to attach the actual
10 document in dispute. Furthermore, the letter of notice, which originally included the draft
11 of a motion, although conspicuous as to its nature and intent, is unequivocally not the motion
12 for sanctions filed on June 8, 2007.[1] *Barber v. Miller*, 146 F.3d 707, 710 (9th Cir. 1998)
13 (recognizing that previous warnings "were not motions, however, and the Rule requires
14 service of a motion"). The requirement that the actual motion be served "was deliberately
15 imposed, with a recognition of the likelihood of other warnings" to ensure that the moving
16 party understands the "seriousness of a motion" and will "define precisely the conduct
17 claimed to violate the rule." *Id*. Thus, it is well established in the Ninth Circuit that, "[i]t
18 would therefore wrench both the language and purpose of [Rule 11] to permit an informal
19 warning to substitute for service of a motion." *Id.*

20    Moreover, the Court finds that there exists no basis for an award of sanctions under
21 28 U.S.C. § 1927. Although the standard for sanctions under section 1927 entails a similar
22 threshold of misconduct as that required under Rule 11 sanctions, section 1927 is in fact a
23 higher threshold in that it requires a finding of recklessness or bad faith. *Compare Goehring
24 v. Brophy*, 94 F.3d 1294, 1306 (9th Cir. 1996) ("imposition of sanctions under section 1927

---

[1]The Court is not certain as to the exact inclusions and exclusions of the draft motion as it is not included in the docket.

- 3 -

requires a finding that the attorney acted recklessly or in bad faith") with *In re DeVille*, 361 F.3d 539, 548 (9th Cir. 2004) ("imposition of Rule 11 sanctions, on the other hand, requires only a showing of objectively unreasonable conduct"). Section 1927 is intended to prevent dilatory litigation practices which intentionally and unnecessarily delay proceedings. 28 U.S.C. § 1927 ("Any attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess . . . [costs and fees] . . . incurred because of such conduct"); *see also United States v. International Broth. of Teamsters*, 948 F.2d 1338, 1345 (2nd Cir. 1991) (finding that the purpose of the statute is "to deter unnecessary delays in litigation") (quoting H.R.Conf.Rep. No. 1234, 96th Cong., 2nd Sess. 8). "The statute is indifferent to the equities of a dispute and to the values advanced by the substantive law. It is concerned only with limiting the abuse of court processes." *Roadway Express v. Piper*, 447 U.S. 752, 762 (1980).

The Court finds that Defendants' filing of a motion to resolve issues created by Plaintiff's counsel's own conduct was not done in bad faith or with the intention of delaying the proceedings. Plaintiff acknowledges that there is a legal dispute as to the contact between her counsel and Mr. Keen, and such a dispute requires resolution through motion practice. Plaintiff has failed to establish that Defendants intentionally or unnecessarily delayed the court process in a reckless manner, or exhibited bad faith by filing motions to resolve pending matters.

**Defendants' Motion for Sanctions Against Plaintiff's Counsel (Doc. 41)**

The Court now addresses Defendants' Motion for Sanctions against Plaintiff's counsel[2] for a violation of Arizona Ethical Rule of Conduct 4.2, which is binding upon this Court.

---

[2] Although Plaintiff is represented by two counsel from the same firm, the Court need only address the conduct of the signing counsel who is the target of defense counsel's motion.

- 4 -

1         The facts leading up to the gravamen of this case are undisputed.  Dr. Keen, the
2  Maricopa County Examiner, hired the Plaintiff; remained her supervisor during her tenure
3  with the Maricopa County Medical Examiner's Office; opposed Plaintiff's termination; is
4  a material witness in this case; and was an employee of Maricopa County at all times relevant
5  to this case.  Moreover, Dr. Keen filed a separate suit against Maricopa County that
6  ostensibly has been settled during the litigation of this case. Dr. Keen was represented in his
7  private litigation by his own counsel. With regard to the present case, however, Dr. Keen is
8  a material witness who was employed by Maricopa County. Plaintiff's Counsel sought
9  permission to contact Dr. Keen from Defendants' Counsel,  which permission was declined.
10  Defense Counsel offered, however, to participate in a deposition of Dr. Keen, a procedure
11  that the Court endorsed[3].  Nevertheless, Plaintiff's counsel contacted Dr. Keen's private
12  counsel, who readily gave Plaintiff's counsel permission to contact Dr. Keen and obtain the
13  requisite affidavit.  Consequently, Plaintiff's counsel contacted Dr. Keen and said contact
14  resulted in the affidavit at issue.

15         Defendants request that the Court impose sanctions by disqualifying Plaintiff's
16  counsel and striking Dr. Keen's affidavit procured by Plaintiff's counsel without the
17  permission of Defense counsel.  The Court finds that disqualification of counsel would be
18  unnecessarily harsh and could result in unjust prejudice to the Plaintiff herself.   As to the
19  affidavit, the Court finds that it is not necessary to strike from the record the affidavit as its
20  existence will not adversely effect Defendants in this case.  After carefully considering the
21  affidavit, the Court concludes that it is comprised of undisputed, innocuous facts with no
22  evidentiary value as it relates to Plaintiff's Motion for Summary Judgment or the
23  Certification of Questions to the Supreme Court. Consequently, the Court need not strike the
24  affidavit. Furthermore, because the affidavit adds no substantive value to the Plaintiff's case,

---

[3]*See Hearing Transcript* at p. 29, ll. 14-24.

1  the Court finds that it need not determine whether Plaintiff's Counsel's conduct reached the
2  level of violating E.R. 4.2.[4]

3      To avoid any misunderstanding, however, the Court will order stricken from the
4  affidavit, and therefore stricken from the docket, paragraphs 4 and 6 of the affidavit as they
5  are not based on Dr. Keen's *personal knowledge*, rather they are based on the interpretation
6  of Maricopa County rules and policies that remain in dispute.

## CONCLUSION

8      The resolution of these dueling motions for sanctions are but two in a long series of
9  acrimonious conduct between counsel in this case.  Counsel are reminded that cooperation
10 with opposing counsel, as well as compliance with the Federal and Local Rules leads to the
11 most efficient and economical resolution of cases.

12     Accordingly,

13     **IT IS HEREBY ORDERED DENYING** Plaintiff's Motion for Sanctions against
14 Defendants (Doc. 47).

15     **IT IS FURTHER ORDERED DENYING**   Defendants' Motion for Sanctions
16 against Plaintiff's counsel (Doc. 33).

17     DATED this 19th day of February, 2008.

Stephen M. McNamee
United States District Judge

---

[4] That discussion may be continued before a different forum should the parties choose to do so.

- 6 -